The act of 1762, New Rev., ch. 69, sec. 5, declares that if any court shall commit an orphan's estate to the charge of any person without taking sufficient security, the justices appointing such guardian shall be liable for loss and damages, etc., to be recovered by action at the common law. The act does not point out any mode by which the fact shall be established. I believe it is not usual with clerks, when entering such orders of appointment, to recite the names of the justices by whom they are ordered to be made, as is directed to be done by the act of 1790, ch. 327, when sheriffs and other officers are elected. It would certainly be the most eligible way of ascertaining the fact. But when that is omitted to be done, the parties are at liberty to prove the same fact by parol evidence, because, I think, such proof by no means contradicts the record.
I have no doubt but it was proper to read the record on the trial, the introduction of which as evidence is complained of. It proves that a court was open and held, etc., but what further effect it ought to have, or what further fact it should be taken to establish, is a question of great importance.
The law establishing county courts declares that the same may be held by three justices. In most of the counties there are from twenty to fifty justices, and it is as much the duty of one as another, but not more so, to hold the courts; hence it is not to be expected that the courts will be held by any particular justices. Sometimes one portion of them are on the bench at one time, and others at another, and this on the same day, and no doubt it was for this reason that the Legislature directed the clerks to record the names of the justices on the bench when particular officers were elected, as before noticed. This being the practice of the (306) justices in holding the county courts, I think the record in question should not be taken as evidence of the fact that the defendants were the justices who appointed Gordon guardian, etc. The fact may have been so, but it may have been otherwise; and in fixing a charge upon individuals so penal as this, more certainty ought to be required, when the case will admit of it; otherwise, innocent persons may suffer.
It is a hardship on infants that their interests should be neglected and their property lost by acts of omission by justices; and it is for that reason that the Legislature have made them personally responsible; and, no *Page 139 
doubt, the will of the Legislature will be obeyed when evidence is sufficient to point out the proper persons and is made to bear upon them. As I think that has not been done in the present case, independent of the record, and as I think the record is not sufficient for that purpose, I am of opinion that the rule for a new trial should be made absolute.